IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | No. 16-cr-0051-03-CCB |
| **ANTONIO SHROPSHIRE** | * | |

**DEFENDANT'S MOTION TO SUPPRESS TITLE III WIRETAP
COMMUNICATIONS AND DERIVATIVE EVIDENCE**

Defendant Antonio Shropshire, by and through his attorneys, moves this Honorable Court to suppress as evidence in this case certain recorded telephonic wire communications obtained pursuant to a Title III wiretap order on the grounds that the communications were unlawfully intercepted and that the orders of authorization or approval under which the communications were intercepted were insufficient.[1]  In addition, the Defendant moves to suppress tangible evidence and statements that are derivative of the unlawfully intercepted communications.  In support of this motion, the Defendant states the following.

1. The Defendant is one of six defendants charged in a seven-count indictment.  Count One charges Shropshire with conspiracy to distribute $\geq$1KG heroin in violation of 21 U.S.C. § 846.  Counts Three and Seven charges him with substantive counts of distribution of heroin and cocaine, in violation of 21 U.S.C. § 841.  The case is scheduled for a three-week jury trial, to begin October 16, 2017.

---

[1] Use of the phrase "Title III" will, throughout this Motion, refer to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq.

1

2. In 2016 multiple orders authorized the interception of wire communications from multiple phones alleged to be under Shropshire's control. In total, four phones were monitored.

3. After the initial wiretap authorization, the government filed numerous reports with the Court summarizing the voluminous communications intercepted over Target Telephone #2, #4, and #5. The intercepted communications included telephone calls and text messages between individuals identified as defendants Shropshire and Thomas, as well as others.

4. Based on the results of the wiretap interceptions, the government applied for search warrants for various locations and indicted the defendant for the above referenced offenses.

5. The government failed to exhaust less intrusive investigative measures or to explain adequately why less intrusive measures would not succeed prior to requesting and obtaining the Wiretap Orders.

6. The government did not have probable cause to obtain the Wiretap Orders. Moreover, any arguable probable cause present for any of the Wiretap Orders was stale at the time that authorization for the interceptions was requested and granted.

7. The Wiretap Orders and the government's applications for those Orders were facially insufficient pursuant to the requirements set forth in 18 U.S.C. § 2518.

8. The duration of the wiretaps exceeded the period allowed by 18 U.S.C. § 2518, and the government did not make the requisite showing, nor did the authorizing court make the requisite findings to extend the duration of the electronic interceptions.

9. The government did not cease to monitor the wiretaps after the objectives stated in the Wiretap Orders had been achieved.

10. The government failed to minimize the extent to which individual conversations seized pursuant to the Wiretap Orders were monitored and transcribed.

11. The Wiretap Orders and ensuing electronic interceptions exceeded the territorial jurisdiction of the authorizing court.

WHEREFORE the Defendant respectfully moves for an Order of this Court suppressing the admission of any evidence in this case obtained by way of the interception of wire communications pursuant to the Wiretap Orders.  The Defendant respectfully submits that the evidence subject to suppression includes all intercepted communications as well as all derivative evidence, including but not limited to evidence seized pursuant to the subsequently issued search warrants.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Fourth Amendment to the United States Constitution.

2. Eighteen U.S.C. § 2510 et seq.

3. *Scott v. United States*, 436 U.S. 128 (1979).

4. *United States v. Smith*, 31 F. 3d 1294, 1297 (4th Cir. 1994).

5. *United States v. Clerkley*, 556 F. 2d 709, 715 (4th Cir. 1977).

6. *Alderman v. United States*, 394 U.S. 165 (1969)

Respectfully submitted,

/s/_____
Alfred Guillaume, III

Law Offices of Alfred Guillaume III LLC
14450 Old Mill Rd.
Suite 301
Upper Marlboro, MD 20772
(301) 377-2158

*Counsel for Antonio Shropshire*

3

/s/_____
Christopher M. Davis #23441

Davis & Davis
1350 Connecticut Avenue, NW Suite 202
Washington, DC 20036
(202) 234-7300

*Counsel for Antonio Shropshire*


CERTIFICATE OF SERVICE

I hereby certify that this Motion was served upon all counsel of record via the Court's CM/ECF system on this 23rd day of August 2017.


/s/_____
Christopher M. Davis