IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| | * |
| v. | *   Crim. Case No.:  SAG-16-51 |
| | * |
| **ANTONIO SHROPSHIRE,** | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Following his unsuccessful appeal of a decision by United States District Judge Catherine C. Blake denying his motion to vacate under 28 U.S.C. § 2255, Petitioner Antonio Shropshire ("Petitioner"), who is self-represented, has filed an "Expedited Motion for Relief Judgment Under Federal Rule of Civil Procedure 60(b)(6)." ECF 555. The Government filed an opposition, ECF 557, and Petitioner filed a reply, ECF 558. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Petitioner's motion will be denied as a successive and unauthorized § 2255 motion.

**I.     LEGAL STANDARD**

Rule 60(b) of the Federal Rules of Civil Procedure permits a Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for one of six specified reasons. The last such reason, set forth in Rule 60(b)(6), is a "catch-all" — "any other reason that justifies relief." Despite that broad language, the law is clear, that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) *abrogated in part on other grounds as recognized in United States*

*v. Trappier*, 788 F. App'x 239, 240 (4th Cir. 2019) (per curiam)). "[A] district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive application." *Id.* The distinction is whether the motion seeks "a remedy for some defect in the collateral review process," which is a proper Rule 60(b) motion, or whether it attacks the substance of the federal court's resolution of the criminal case on its merits. *Id.* If the latter, the Court must "dismiss the motion for lack of jurisdiction." *Id.* at 207.

## II.    ANALYSIS

Although Petitioner captioned his motion as a Rule 60(b) motion, it is functionally a continuing attempt to attack his underlying criminal conviction and sentence, not an attempt to challenge Judge Blake's adjudication of his petition for collateral review. The arguments raised in the instant motion are largely the same as those Petitioner raised in his original petition before Judge Blake: the alleged failure to return documents seized from Petitioner's cell, the alleged failure of trial counsel to convey an informal plea offer, and the alleged failure of trial counsel to raise certain sentencing arguments. And all of those arguments are about the conduct of Petitioner's criminal trial and sentencing, not his post-conviction proceedings.

The only new argument raised in this motion that was not addressed in Petitioner's original § 2255 petition is his argument about use of a "filter team" to review the documents seized from his cell. That argument could have been raised in his original § 2255 proceeding, as it is not premised on any new evidence. Moreover, the argument would fail on its merits. The cases Petitioner cites for the proposition that "filter teams" are disfavored arise in a completely separate context, where filter teams are making decisions about matters of privilege that should be within the Court's purview. No such review happened in this case, where the Government's search

2

focused entirely on whether Petitioner held identifying information for prospective witnesses in his cell.

Because this Court concludes that Petitioner's motion amounts to a renewed attempt to attack his conviction and sentence, it constitutes a § 2255 petition, not a Rule 60(b) motion, and this Court lacks jurisdiction to adjudicate it. Petitioner would need to secure permission from the United States Court of Appeals for the Fourth Circuit before filing a successive § 2255 petition.

Petitioner's motion, ECF 555, will therefore be denied by separate order. A Certificate of Appealability shall not issue, because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).


Dated: January 2, 2025                                        /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge